[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff whose maiden name is Bernice G. Bishop and the defendant intermarried at Portland, Connecticut on October 5, 1991. This court has jurisdiction over the parties and the marriage. The plaintiff and the defendant have no minor children issue of the marriage nor have any other minor children been born to the plaintiff since the, date of the marriage. The plaintiff is, or shortly will be, the recipient of Social Security disability benefits.
Based upon the relevant, admissible and credible evidence presented to this court during the hearing and the reasonable CT Page 9765 inferences therefrom, the court makes the following findings of fact and conclusions of law.
These parties married in 1991 after having dated for approximately one year. The plaintiff is presently afflicted with a serious condition of diabetes. She has had diabetes for some 43 years, and at the time that the defendant married the plaintiff, although he realized her diabetic condition, he was not at all aware of the seriousness of it nor of the serious consequences that would result in the future.
On account of said diabetes, the plaintiff is now unemployed and unemployable and seriously disabled. She has suffered multiple amputations including the amputation of one leg. She has been subject to many heart attacks and her vision is impaired. She presently lives in the family residence with the defendant. It is improbable that she can continue or commence to live alone in any residence without readily available assistance either now or the very near future. She is 53 years of age and presently relies for assistance on the defendant and on her daughter, who has been appointed as the conservatrix of her estate and person by the Probate Court for the District of Meriden in connection with this hearing. There has been no evidence presented to this court from which it could be concluded that her condition would improve, but on the other hand it is probable that her condition will continue to decline in the future.
Although at the onset, the defendant did not have any desire to have their marriage dissolved in this action, he concedes and it is found that the marriage has broken down irretrievably. The cause of the breakdown cannot be attributed to the conscious actions of either party. The health and temperament of the plaintiff has contributed to it as well as a probable wearing down of the capacity of the defendant to endure this situation.
At the time the parties were married the plaintiff owned property and the defendant owned property. Those two properties were sold and/or foreclosed and the parties acquired a residence in Middletown which both contributed funds to. Thereafter, the Middletown residence was sold and they acquired the current residence that they have in Meriden.
The parties have stipulated that the Meriden residence has a value of $150,000.00 less than $82,000.00 mortgage or a net equity of $68,000.00. In connection with the acquisition of this CT Page 9766 property, the defendant contributed $90,000.00 of his separate funds and the plaintiff contributed $40,000.00 of her separate funds.
This court concludes that the marriage has broken down irretrievably and a decree is entered dissolving it. It is ordered that all the right, title and interests of the plaintiff in and to said residential premises on Brownstone Avenue in Meriden be transferred to the defendant. The defendant is ordered to pay to the plaintiff the sum of $23,000.00 at the time of transfer, representing a return to her of her portion and share of the cash paid by the parties in the acquisition of this property. This transfer is ordered to take place within ninety days from the date of this Memorandum of Decision at which time the plaintiff shall vacate the premises, and said time frame being set by the court to allow a reasonable period of time for the plaintiff and/or her conservatrix to make reasonable arrangements for alternative support of housing for the plaintiff. The defendant shall be responsible for the payment of all costs of ownership of said property and shall hold the plaintiff harmless thereon.
The plaintiff shall retain the Plymouth Starrion automobile and the defendant shall retain the Jeep, Ford A and Mustang and tractor and be responsible for all costs associated with said vehicles.
The plaintiff shall retain any monies that she has and any bank accounts, mutual funds or investment accounts. The defendant retain monies that he has in any bank accounts, mutual funds or investment accounts.
The parties have further stipulated that the marital portion of the defendant's pension plan is $47,500.00 and that the plaintiffs retirement and 401K funds total $36,585.00, this latter sum being a portion of the funds set over to her as here and before ordered.
The $47,500.00 marital portion of the pension fund of the defendant is ordered divided and 50% of said amount is set over to the plaintiff in the event that she shall survive the defendant as of the date said benefits become payable for any reason whatsoever. In the event she does not survive then the entire portion of the defendant's pension plan remains vested in him. CT Page 9767
The parties have further stipulated that Social Security disability benefits, medical benefits will become payable to the plaintiff September 1, 1999. The defendant shall pay the cost of the plaintiffs COBRA healthcare benefits under the Teamsters health plan until such time as she is fully eligible for Social Security health benefits.
Personal property of the parties shall be divided in accordance with an agreement that they represent that they have reached.
The defendant shall pay alimony to the plaintiff in the sum $350.00 per month for a period of three years from the date of this Memorandum. Said alimony shall be non modifiable as to amount or duration and shall terminate earlier only in the event of the plaintiffs death. The court concludes that three years is a reasonable period of time for said alimony to be paid in view of the length of the marriage and said period should assist the plaintiff and/or her representatives in adjusting her mode of living residence in accordance with her health requirements.
The defendant shall retain the cash value of his life insurance policy with Northwest Mutual and the court reserves jurisdiction to enter a qualified domestic relations order in order to transfer the aforementioned interests to the plaintiff of the defendant's pension. It is ordered that each of the parties shall be responsible for the debts as appear on their respective financial affidavits.
Assets transferred to the plaintiff by virtue of the orders of this judgment are to be made payable to Cheri Olzacki, Conservatrix of the person and estate of Bernice G. Bishop, in accordance with the Probate decree for the Probate District of Meriden on file in this court.
It is so ordered.
HIGGINS, J.